IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Anthony R. Taylor<br>a.k.a. Anthony Robert Taylor,<br><br>      PLAINTIFF,<br>v.<br><br>Warden Dunlap,<br><br>      DEFENDANT. | Case No. 6:15-cv-04363-TLW<br><br><br>**Order** |

    Petitioner Anthony R. Taylor, proceeding *pro se* and *in forma pauperis*, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (R&R) filed on November 3, 2015, by United States Magistrate Judge Kevin F. McDonald, to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 10. In the R&R, the magistrate judge recommended summarily dismissing the petition. *Id.* Petitioner filed objections to the R&R on November 20, 2015. ECF No. 13. This matter is now ripe for decision.

    In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations

1

omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections.

Petitioner objects to the R&R and asserts that his current § 2254 petition is not governed by 28 U.S.C. § 2244 because it raises a new claim that could not have been raised in his first § 2254 petition, does not challenge the validity of his conviction or sentence, and challenges a new judgment from the South Carolina Supreme Court. ECF No. 13 at 2. He asserts that the South Carolina Supreme Court's denial of his motion for an out-of-time appeal or authorization to file a successive post-conviction relief ("PCR") application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), is a new judgment. *Id.*; ECF No. 1 at 5. Petitioner asserts that the South Carolina Supreme Court denied his rights to due process and equal protection under the Fourteenth Amendment when it denied his motion. ECF No. 13 at 2.

A § 2254 petition "seeks invalidation . . . of the [state] judgment authorizing the prisoner's confinement." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). In analyzing a second-in-time habeas application, "a court must first determine whether a petition is second or successive, and only if it is should the court review the petition's individual claims to see if they meet § 2244(b)'s requirements." *In re Gray*, 850 F.3d 139, 141 (4th Cir. 2017). "[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood*, 561 U.S. at 333. "[W]here . . . there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all." *Magwood*, 561 U.S. at 341–42 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). "[A] final judgment of conviction includes both the adjudication of guilt (or 'conviction') and the sentence." *Gray,* 850 F.3d at 141.

The South Carolina Supreme Court's denial of Petitioner's motion for an out-of-time

2

appeal or successive PCR is not a new judgment and thus his petition is second or successive under § 2244. A "judgment" is the conviction and sentence under which the prisoner is confined; however, Petitioner is not in custody pursuant to the South Carolina Supreme Court's order denying his motion. The only judgment Petitioner could challenge in this § 2254 habeas petition is the judgment confining him, which is the same judgment that Petitioner challenged in his § 2254 petition from 2003. *See* ECF No. 10 at 3. As explained in *Magwood* and *Burton*, where there is no intervening judgment between habeas petitions, the second-in-time petition challenges the same judgment and is "second or successive" under § 2244(b). *See Magwood*, 561 U.S. at 333 (petition was not successive where there was an intervening judgment); *Burton*, 549 U.S. at 156 (petition was successive where there was not an intervening judgment). Therefore, the petition here is second or successive under § 2244.

Petitioner attempts to support his position that his petition is not successive with a case from the Western District of Louisiana. *See Gaston v. Goodwin*, No. CIV.A. 13-2952, 2014 WL 508515, at *2 (W.D. La. Feb. 6, 2014). Noting that the *Gaston* petitioner ultimately did not obtain relief, the Court is not persuaded in light of binding Supreme Court and Fourth Circuit precedent. *Magwood*, *Burton*, and *Gray* establish a judgment-based approach to whether a habeas petition is second or successive. Accordingly, the Court **OVERRULES** Petitioner's objections.

The Court notes that even if the petition were not successive, summary dismissal would be appropriate because the petition challenges a collateral decision rather than the judgment authorizing Petitioner's confinement and therefore is not cognizable under § 2254. *See* 28 U.S.C. § 2243 (court shall issue writ unless it appears from the application that petitioner is not entitled to relief); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

As noted above, a § 2254 petition challenges the state judgment confining the petitioner. *See Magwood*, 561 U.S. at 332. Accordingly, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988). This is so "because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Where a prisoner is not detained based on a decision in a state habeas action, challenging the state habeas decision does not establish the basis for federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998).

Petitioner challenges a collateral decision regarding state court post-conviction relief proceedings rather than the judgment authorizing his confinement. Because Petitioner does not challenge the judgment authorizing his confinement, habeas relief under § 2254 is not available. *See Bryant*, 848 F.2d at 493; *Lawrence*, 517 F.3d at 717; *Wright*, 151 F.3d at 159.

After careful review of the R&R and the objections, for the reasons stated by the magistrate judge and the reasons set forth in this opinion, the R&R is **ACCEPTED**. The petition is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                  s/Terry L. Wooten
                                                  Terry L. Wooten

June 8, 2017                                   Chief United States District Judge
Columbia, South Carolina